IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC.<br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br>Defendant. | § § § § § § § § § | CIVIL ACTION 6:19-CV-00356-ADA<br><br>JURY TRIAL DEMANDED |

**ORDER DENYING DEFENDANT GOOGLE'S
MOTION TO DISMISS UNDER 35 U.S.C. § 101**

Before the Court is Defendant Google's Rule 12(b)(6) motion to dismiss under 35 U.S.C. § 101. Dkt. 23. Plaintiff Hammond Development International's ("HDI") response is currently due on September 10, 2019. For the reasons described below, the Court **DENIES** Google's motion without prejudice, but permits it to refile this motion after the issuance of the Court's claim construction order.

I.    **The Patents-in-Suit**

HDI filed this lawsuit on June 6, 2019 alleging infringement of eight U.S. Patents (Nos. 9,264,483, 9,420,011, 9,456,040, 9,705,937, 9,716,732, 10,193,935, 10,264,032, and 10,270,816). Dkt. 1 at ¶ 21. HDI asserts multiple claims from each of the patents-in-suit. *Id.* at 12–21.

In its 12(b)(6) motion, Google argues that independent claim 10 of the '483 Patent is representative of the asserted claims of the '483, '011, '040, '937, '732, and '935 Patents. Dkt. 23 at 3. Google also argues that Claim 1 of the '816 Patent is representative of all asserted claims of the '816 and '032 Patents. *Id.* at 4. Google then argues that because the representative claims are patent ineligible, the Court must dismiss HDI's complaint with prejudice. *Id.* at 20.

## II. Analysis

Given the Circuit's holding and guidance in *MyMail, Ltd. v. ooVoo, LLC*, the Court denies Google's motion without prejudice and directs it to refile its motion, if it so chooses, after the issuance of the Court's claim construction order. *See* No. 2018-1758, 2019 WL 3850614 (Fed. Cir. 2019). Should Google elect to refile its motion at that time, the Court orders Google to brief the patent ineligibility of each asserted claim, *i.e.*, not just representative claims. The Court will grant any reasonable request to extend the page limits for such a motion.

To be clear, the Court takes no position on whether claim construction is necessary for any of the asserted claims. *See MyMail*, 2019 WL 3850614, at *5. Furthermore, the Court takes no position on whether there are any factual disputes that preclude dismissal at the pleadings stage. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128–30 (Fed. Cir. 2018).

SIGNED this 3rd day of September, 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE