**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| HAMMOND DEVELOPMENT INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 6:19-cv-00356-ADA |
| GOOGLE LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google") answers the Original Complaint of Plaintiff Hammond Development International, Inc. ("Plaintiff" or "HDI") as follows:

**NATURE OF THE SUIT**

1.     Google admits that Plaintiff's Original Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, Google denies all remaining allegations in paragraph 1, and specifically denies that it has committed any acts of infringement.

**THE PARTIES**

2.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.     Google admits that Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211

East 7th Street, Suite 620, Austin, Texas 78701-3218.  Except as expressly admitted, Google denies all remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4.      Google admits that Plaintiff's Original Complaint purports to state an action under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338.  Except as expressly admitted, Google denies all remaining allegations in paragraph 4.

5.      Google does not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Google denies all remaining allegations in paragraph 5, and specifically denies that it has committed or is committing any acts of patent infringement in this District or any other District.

6.      Google admits that, for purposes of this action, venue is proper in this District under 28 U.S.C. § 1400(b).  Google denies that venue in this District is convenient under 28 U.S.C. § 1404(a).  Google admits that it has business offices in this District.  Except as expressly admitted, Google denies all remaining allegations in paragraph 6, and specifically denies that it has committed or is committing any acts of patent infringement in this District or any other District.

7.      Google admits that it has invested in network infrastructure that has three distinct elements: core data centers, Edge Points of Presence (PoPs), and Edge caching and services nodes (Google Global Cache, or GGC).  Except as expressly admitted, Google denies all remaining allegations in paragraph 7.

8.      Google admits that at https://peering.google.com/#/infrastructure, the following text, among other text, appears:

"Data centers

> Google operates data centers that we use for computation and backend storage. We have data centers in the Americas, Europe and Asia.
>
> Our data centers are the heart of Google content and services.
>
> Google has built a large, specialized data network to link all of its data centers together so that content can be replicated across multiple sites for resilience, and services can be delivered closest to the end user."

Except as expressly admitted, Google denies any remaining allegations of paragraph 8.

9.      Google admits that at https://peering.google.com/#/infrastructure, the following text, among other text, appears:

> "Edge Points of Presence (PoPs)
>
> Our Edge Points of Presence (PoPs) are where we connect Google's network to the rest of the internet via peering. We are present on over 90 internet exchanges and at over 100 interconnection facilities around the world.
>
> By operating an extensive global network of interconnection points we can bring Google traffic closer to our peers, thereby reducing their costs and providing users with a better experience.
>
> Google operates a large, global meshed network that connects our Edge PoPs to our data centers."

Except as expressly admitted, Google denies any remaining allegations of paragraph 9.

10.     Google admits that there is an Edge PoP within the State of Texas.  Except as expressly admitted, Google denies any remaining allegations of paragraph 10.

11.     Google admits that at https://peering.google.com/#/infrastructure, the following text, among other text, appears:

"Edge nodes (Google Global Cache, or GGC)

Our edge nodes (called Google Global Cache, or GGC) represent the tier of Google's infrastructure closest to our users. With our edge nodes, network operators and internet service providers deploy Google-supplied servers inside their network.

Static content that is very popular with the local host's user base, including YouTube and Google Play, is temporarily cached on edge nodes. Google's traffic management systems direct user requests to an edge node that will provide the best experience.

In some locations, we also use our edge nodes to support the delivery of other Google services, such as Google Search, by proxying traffic where it will deliver improved end-to-end performance for the end user."

Except as expressly admitted, Google denies any remaining allegations of paragraph 11.

12.     Google denies all allegations in paragraph 12.

13.     Google admits that as of September 18, 2019, https://careers.google.com lists job openings in Austin, Texas.   Except as expressly admitted, Google denies all remaining allegations in paragraph 13.

14.     Google admits that it has offices in Austin, Texas, including at 500 West 2nd Street, Austin, Texas 78701.   Except as expressly admitted, Google denies all remaining allegations in paragraph 14.

15.     Google admits that it has and does do business in the State of Texas.   Except as expressly admitted, Google denies all remaining allegations in paragraph 15, and specifically

denies that it has committed or is committing any acts of patent infringement in this District or any other District.

16.     Google admits that, for purposes of this action, venue is proper in this District. Google denies that venue in this District is convenient under 28 U.S.C. § 1404(a).  Except as expressly admitted, Google denies all remaining allegations in paragraph 16.

## THE PATENTS-IN-SUIT

17.     Google admits that the Plaintiff's Original Complaint asserts infringement of United States Patent Nos. 9,264,483 ("the '483 Patent"), 9,420,011 ("the '011 Patent"), 9,456,040 ("the '040 Patent"), 9,705,937 ("the '937 Patent"), 9,716,732 ("the '732 Patent"), 10,193,935 ("the '935 Patent"), 10,264,032 ("the '032 Patent"), and 10,270,816 ("the '816 Patent") (collectively, "the Patents-in-Suit").  Except as expressly admitted, Google denies all remaining allegations in paragraph 17, and specifically denies that it has committed or is committing any acts of patent infringement.

18.     Google admits that the cover page of the '483 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on February 16, 2016, from U.S. Patent Application No. 11/779,722, and it was filed on July 18, 2007.  Google also admits that the cover page lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 1 to Plaintiff's Original Complaint purports to be a copy of the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 18.

19.     Google denies all allegations in paragraph 19.

20.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Google denies all allegations in paragraph 21.

22.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.     Google admits that the cover page of the '011 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on August 16, 2016, from U.S. Patent Application No. 14/975,747, and it was filed on December 19, 2015.  Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 2 to Plaintiff's Original Complaint purports to be a copy of the '011 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 23.

24.     Google admits that the cover page of the '011 Patent states that it is a continuation of application No. 11/779,722 that issued as the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 24.

25.     Google denies all allegations in paragraph 25.

26.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     Google denies all allegations in paragraph 27.

28.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29.     Google admits that the cover page of the '040 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on September 27, 2016, from U.S. Patent Application No. 14/985,926, and it was filed on December 31, 2015.  Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 3 to Plaintiff's Original Complaint

purports to be a copy of the '040 Patent. Except as expressly admitted, Google denies all remaining allegations in paragraph 29.

30.     Google admits that the cover page of the '040 Patent states that it is a continuation of application No. 11/779,722 that issued as the '483 Patent. Except as expressly admitted, Google denies all remaining allegations in paragraph 30.

31.     Google denies all allegations in paragraph 31.

32.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     Google denies all allegations in paragraph 33.

34.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35.     Google admits that the cover page of the '937 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on July 11, 2017, from U.S. Patent Application No. 15/236,644, and it was filed on August 15, 2016. Google also admits that the cover lists Daniel D. Hammond as the sole inventor. Google admits that Exhibit 4 to Plaintiff's Original Complaint purports to be a copy of the '937 Patent. Except as expressly admitted, Google denies all allegations in paragraph 35.

36.     Google admits that the cover page of the '937 Patent states that it is a continuation of application No. 14/975,747 that issued as the '011 Patent, which purports to be a continuation of application No. 11/779,722 that issued as the '483 Patent. Except as expressly admitted, Google denies all remaining allegations in paragraph 36.

37.     Google denies all allegations in paragraph 37.

38.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39.     Google denies all allegations in paragraph 39.

40.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41.     Google admits that the cover page of the '732 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on July 25, 2017, from U.S. Patent Application No. 15/241,191, and it was filed on August 19, 2016.  Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 5 to Plaintiff's Original Complaint purports to be a copy of the '732 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 41.

42.     Google admits that the cover page of the '732 Patent states that it is a continuation of application No. 14/985,926 that issued as the '040 Patent, which purports to be a continuation of application No. 11/779,722 that as the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 42.

43.     Google denies all allegations in paragraph 43.

44.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies them.

45.     Google denies all allegations in paragraph 45.

46.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore denies them.

47.     Google admits that the cover page of the '935 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on January 29, 2019, from U.S. Patent Application No. 15/613,756, and it was filed on June 5, 2017.  Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 6 to Plaintiff's Original Complaint purports to be a copy of the '935 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 47.

48.     Google admits that the cover page of the '935 Patent states that it is a continuation of application No. 15/236,644 that issued as the '937 Patent, which purports to be a continuation of application No. 14/975,747 that issued as the '011 Patent, which purports to be a continuation of application No. 11/779,722 that issued as the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 48.

49.     Google denies all allegations in paragraph 49.

50.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51.     Google denies all allegations in paragraph 51.

52.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies them.

53.     Google admits that the cover page of the '032 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on April 16, 2019, from U.S. Patent Application No. 16/257,604, and it was filed on January 25, 2019.  Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 7 to Plaintiff's Original Complaint purports to be a

copy of the '032 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 53.

54.     Google admits that the cover page of the '032 Patent states that it is a continuation of application No. 15/613,756 that issued as the '935 Patent, which purports to be a continuation of application No. 15/236,644 that issued as the '937 Patent, which purports to be a continuation of application No. 14/975,747 that issued as the '011 Patent, which purports to be a continuation of application No. 11/779,722 that issued as the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 54.

55.     Google denies all allegations in paragraph 55.

56.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and therefore denies them.

57.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58.     Google admits that the cover page of the '816 Patent states that its title is "Method and System for Enabling a Communication Device to Remotely Execute an Application," it issued on April 23, 2019, from U.S. Patent Application No. 16/193,532, and it was filed on November 16, 2018. Google also admits that the cover lists Daniel D. Hammond as the sole inventor.  Google admits that Exhibit 8 to Plaintiff's Original Complaint purports to be a copy of the '816 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 58.

59.     Google admits that the cover page of the '816 Patent states that it is a continuation of application No. 15/613,756 that issued as the '935 Patent, which purports to be a continuation of application No. 15/236,644 that issued as the '937 Patent, which purports to be a continuation

of the application No. 14/975,747 that issued as the '011 Patent, which purports to be a continuation of the application No. 11/779,722 that issued as the '483 Patent.  Except as expressly admitted, Google denies all remaining allegations in paragraph 59.

60.     Google denies all allegations in paragraph 60.

61.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, and therefore denies them.

62.     Google denies all allegations in paragraph 62.

63.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, and therefore denies them.

64.     Google admits that it does not have a license under the Patents-in-Suit from Plaintiff.  Except as expressly admitted, Google denies all remaining allegations in paragraph 64.

65.     Google admits that it does not have Plaintiff's permission to make, use, sell, offer to sell, or import products that infringe any valid claim of the Patents-in-Suit.  Except as expressly admitted, Google denies all remaining allegations in paragraph 65, and specifically denies that it has committed or is committing any acts of patent infringement.

66.     Google denies all allegations in paragraph 66, and specifically denies that it has committed or is committing any acts of patent infringement.

## **GENERAL ALLEGATIONS**

67.     Google denies the allegations in paragraph 67, and specifically denies that it has committed or is committing any acts of patent infringement.

68.     Google denies the allegations in paragraph 68, and specifically denies that it has committed or is committing any acts of patent infringement.

69.     Google denies all allegations in paragraph 69, and specifically denies that it has committed or is committing any acts of patent infringement.

70.     Google denies all allegations in paragraph 70, and specifically denies that it has induced any acts of infringement.

71.     Google admits that it has had knowledge of the Patents-in-Suit since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies all remaining allegations in paragraph 71.

72.     Google denies all allegations in paragraph 72.

73.     Google denies all allegations in paragraph 73.

74.     Google denies all allegations in paragraph 74, and specifically denies that it has committed or is committing any acts of patent infringement.

75.     Google admits that it sells products not identified in Plaintiff's Original Complaint.  Except as expressly admitted, Google denies all remaining allegations in paragraph 75, and specifically denies that it has committed or is committing any acts of patent infringement.

76.     Google admits that it does not have Plaintiff's permission to make, use, sell, offer to sell, or import products that infringe any valid claim of the Patent-in-Suit.  Except as expressly admitted, Google denies all remaining allegations in paragraph 76, and specifically denies that it has committed or is committing any acts of patent infringement.

77.     Google admits that Exhibits 9–35 are attached to Plaintiff's Original Complaint. Except as expressly admitted, Google denies all remaining allegations in paragraph 77, and specifically denies that it has committed or is committing any acts of patent infringement.

78.     For each count below, Google incorporates by reference its responses to paragraphs 1–77 of Plaintiff's Original Complaint.

## COUNT I – ALLEGED INFRINGEMENT OF THE '483 PATENT

79.     Google incorporates by reference its responses to paragraphs 1–78 of Plaintiff's Original Complaint.

80.     Google denies all allegations in paragraph 80, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

81.     Google denies all allegations in paragraph 81, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

82.     Google denies all allegations in paragraph 82, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

83.     Google admits that some Google Home/Nest Devices operate with a system that is capable of performing speech-to-text, speech recognition, and natural language understanding. Google admits that some Google Home/Nest Devices operate with Google Assistant.  Google denies all remaining allegations in paragraph 83, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

84.     Google denies all allegations in paragraph 84, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

85.     Google admits that it has had knowledge of the '483 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies all remaining allegations in paragraph 85.

86.     Google denies all allegations in paragraph 86, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

87.     Google admits that Exhibit 9 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '483 Patent.  Google denies all

allegations in paragraph 87, including all allegations set forth in Exhibit 9, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

88.     Google denies the allegations in paragraph 88, and specifically denies that it infringes or has infringed the '483 Patent, either directly or indirectly.

## COUNT II – ALLEGED INFRINGEMENT OF THE '011 PATENT

89.     Google incorporates by reference its responses to paragraphs 1–88 of Plaintiff's Original Complaint.

90.     Google denies all allegations in paragraph 90, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

91.     Google denies all allegations in paragraph 91, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

92.     Google denies all allegations in paragraph 92, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

93.     Google denies all allegations in paragraph 93, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

94.     Google admits that it has had knowledge of the '011 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies all remaining allegations in paragraph 94.

95.     Google admits that Exhibit 10 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '011 Patent.   Google denies all allegations in paragraph 95, including all allegations set forth in Exhibit 10, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

96.     Google denies the allegations in paragraph 96, and specifically denies that it infringes or has infringed the '011 Patent, either directly or indirectly.

## COUNT III – ALLEGED INFRINGEMENT OF THE '040 PATENT

97.    Google incorporates by reference its responses to paragraphs 1–96 of Plaintiff's Original Complaint.

98.    Google denies all allegations in paragraph 98, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

99.    Google denies all allegations in paragraph 99, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

100.    Google denies all allegations in paragraph 100, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

101.    Google denies all allegations in paragraph 101, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

102.    Google admits that it has had knowledge of the '040 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 102.

103.    Google admits that Exhibit 11 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '040 Patent.  Google denies all allegations in paragraph 103, including all allegations set forth in Exhibit 11, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

104.    Google denies the allegations in paragraph 104, and specifically denies that it infringes or has infringed the '040 Patent, either directly or indirectly.

## COUNT IV – ALLEGED INFRINGEMENT OF THE '937 PATENT

105.    Google incorporates by reference its responses to paragraphs 1–104 of Plaintiff's Original Complaint.

106.     Google denies all allegations in paragraph 106, and specifically denies that it infringes or has infringed the '937 Patent, either directly or indirectly.

107.     Google denies all allegations in paragraph 107, and specifically denies that it infringes or has infringed the '937 Patent, either directly or indirectly.

108.     Google admits that it makes, uses, sells, offers for sale, and/or imports certain Google Home/Nest devices.   Except as expressly admitted, Google denies the remaining allegations in paragraph 108.

109.     Google denies all allegations in paragraph 109, and specifically denies that it infringes or has infringed the '937 Patent, either directly or indirectly.

110.     Google admits that it has had knowledge of the '937 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 110.

111.     Google admits that Exhibit 12 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '937 Patent.  Google denies all allegations in paragraph 111, including all allegations set forth in Exhibit 12, and specifically denies that it infringes or has infringed the '937 Patent, either directly or indirectly.

112.     Google denies the allegations in paragraph 112, and specifically denies that it infringes or has infringed the '937 Patent, either directly or indirectly.

## COUNT V – ALLEGED INFRINGEMENT OF THE '732 PATENT

113.     Google incorporates by reference its responses to paragraphs 1–112 of Plaintiff's Original Complaint.

114.     Google denies all allegations in paragraph 114, and specifically denies that it infringes or has infringed the '732 Patent, either directly or indirectly.

115.    Google denies all allegations in paragraph 115, and specifically denies that it infringes or has infringed the '732 Patent, either directly or indirectly.

116.    Google denies all allegations in paragraph 116, and specifically denies that it infringes or has infringed the '732 Patent, either directly or indirectly.

117.    Google admits that it has had knowledge of the '732 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 117.

118.    Google admits that Exhibit 13 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '732 Patent.  Google denies all allegations in paragraph 118, including all allegations set forth in Exhibit 13, and specifically denies that it infringes or has infringed the '732 Patent, either directly or indirectly.

119.    Google denies the allegations in paragraph 119, and specifically denies that it infringes or has infringed the '732 Patent, either directly or indirectly.

## COUNT VI – ALLEGED INFRINGEMENT OF THE '935 PATENT

120.    Google incorporates by reference its responses to paragraphs 1–119 of Plaintiff's Original Complaint.

121.    Google denies all allegations in paragraph 121, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

122.    Google denies all allegations in paragraph 122, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

123.    Google denies all allegations in paragraph 123, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

124.    Google denies all allegations in paragraph 124, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

125.     Google admits that it has had knowledge of the '935 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 125.

126.     Google admits that Exhibit 14 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '935 Patent.  Google denies all allegations in paragraph 126, including all allegations set forth in Exhibit 14, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

127.     Google denies the allegations in paragraph 127, and specifically denies that it infringes or has infringed the '935 Patent, either directly or indirectly.

## COUNT VII – ALLEGED INFRINGEMENT OF THE '032 PATENT

128.     Google incorporates by reference its responses to paragraphs 1–127 of Plaintiff's Original Complaint.

129.     Google denies all allegations in paragraph 129, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

130.     Google denies all allegations in paragraph 130, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

131.     Google denies all allegations in paragraph 131, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

132.     Google admits that it makes, uses, sells, offers for sale, and/or imports certain Google Home/Nest devices.   Except as expressly admitted, Google denies the remaining allegations in paragraph 132.

133.     Google denies all allegations in paragraph 133, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

134.     Google admits that it has had knowledge of the '032 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 134.

135.     Google admits that Exhibit 15 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '032 Patent.  Google denies the remaining allegations in paragraph 135, including all allegations set forth in Exhibit 15, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

136.     Google denies the allegations in paragraph 136, and specifically denies that it infringes or has infringed the '032 Patent, either directly or indirectly.

### COUNT VIII – ALLEGED INFRINGEMENT OF THE '816 PATENT

137.     Google incorporates by reference its responses to paragraphs 1–136 of Plaintiff's Original Complaint.

138.     Google denies all allegations in paragraph 138, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

139.     Google denies all allegations in paragraph 139, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

140.     Google denies all allegations in paragraph 140, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

141.     Google denies all allegations in paragraph 141, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

142.     Google denies all allegations in paragraph 142, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

143.     Google denies all allegations in paragraph 143, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

144.    Google admits that it has had knowledge of the '816 Patent since being served with Plaintiff's Original Complaint on June 14, 2019.  Except as expressly admitted, Google denies the remaining allegations in paragraph 144.

145.    Google admits that Exhibit 16 to Plaintiff's Original Complaint purports to be a chart comparing Google's products to one or more claims of the '816 Patent.  Google denies all allegations in paragraph 145, including all allegations set forth in Exhibit 16, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

146.    Google denies the allegations in paragraph 146, and specifically denies that it infringes or has infringed the '816 Patent, either directly or indirectly.

## RESPONSE TO DEMAND FOR A JURY TRIAL

147.    Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google therefore is not required to respond.  To the extent a responsive pleading is deemed to be required, Google denies all allegations in paragraph 147.

## RESPONSE TO PRAYER FOR RELIEF

Paragraphs 148–154 include Plaintiff's prayer for relief and contain no allegations, and Google there is not required to respond.  To the extent a responsive pleading is deemed to be required, Google denies all allegations in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

To the extent that any allegations of Plaintiff's Original Complaint are not specifically admitted, Google denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## First Defense – No Patent Infringement

155.   Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of any of the Patents-in-Suit.

## Second Defense – Patent Invalidity

156.   The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

157.   The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

158.   The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

159.   One or more claims of the Patents-in-Suit are invalid due to obviousness-type double patenting.

160.   The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

161.   The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 111.

162.   The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

### Third Defense – Limitation on Patent Damages

163.   Plaintiff's claim for damages, if any, against Google for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Patent Unenforceability (Unclean Hands)

164.   The claims of the Patents-in-Suit are unenforceable, in whole or in part, due to unclean hands.

### Fifth Defense – Patent Misuse

165.   Plaintiff's claims against Google for alleged infringement of the Patents-in-Suit are barred by the doctrine of misuse.

### Sixth Defense – Substantial Non-Infringing Uses

166.   Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-in-Suit.

### Seventh Defense – Use By The United States

167.   Plaintiff's claims for relief against Google are barred by 35 U.S.C. § 1498 in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States, including but not limited to the Department of Defense.

### Eighth Defense – Failure to State a Claim

168.   Plaintiff's Original Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Original Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Ninth Defense – Lack of Standing

169.    Plaintiff lacks standing to assert the claims in Plaintiff's Original Complaint and its claims are thus barred because it because it does not own the Patents-in-Suit and lacks the capacity to sue in this Court.

### Tenth Defense – Equitable Doctrines

170.    Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

### Eleventh Defense – Prosecution History Estoppel

171.    Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the Patents-in-Suit in such a way as may cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit.

### Twelfth Defense – License and/or Exhaustion

172.    Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

### Thirteenth Defense – Not an Exceptional Case Entitling Plaintiff To Relief

173.    If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### Reservation of Additional Defenses

174.    Google reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## GOOGLE'S PRAYER FOR RELIEF

175.    WHEREFORE, Google prays for judgment as follows:

a.    A judgment dismissing Plaintiff's Original Complaint against Google with prejudice;

b.    A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

c.    A declaration that every asserted claim of the Patents-in-Suit is invalid and unenforceable;

d.    A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Google its attorneys' fees and prejudgment interest, and an award to Google of all of its costs of this action;

e.    A judgment limiting or barring Plaintiff's ability to enforce the Patents-in-Suit in equity; and

f.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated:  September 18, 2019.                    /s/ Steve McConnico

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com

**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

***Attorneys for Defendant Google LLC***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 18, 2019, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

<u><em>/s/ Steve McConnico</em></u><br>
Steve McConnico