**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Hammond Development International, Inc.**, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **Amazon.com, Inc.**, § <br> **Amazon.com LLC**, § <br> **Amazon.com Services, Inc., and** § <br> **Amazon Web Services, Inc.**, § <br> § <br> *Defendants*. § | | **Civil Action No. 1:20-CV-00342-ADA** <br><br> **Jury Trial Demanded** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **Hammond Development International, Inc.**, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **Google LLC**, § <br> § <br> *Defendant*. § | | **Civil Action No. 6:19-CV-00356-ADA** <br> **(consolidated with 6:19-CV-00355-ADA)** <br><br> **Jury Trial Demanded** |

**JOINT MOTION TO STAY PENDING *INTER PARTES* REVIEW**

I.  **INTRODUCTION**

Plaintiff Hammond Development International, Inc. ("HDI"), Defendants Amazon.com, Inc., Amazon.com, LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc. (collectively, "Amazon"), and Defendant Google LLC ("Google") respectfully file this Joint Motion to Stay Pending *Inter Partes* Review ("IPR") of the Patents-in-Suit.

II.  **FACTUAL AND PROCEDURAL HISTORY**

The Court consolidated for pre-trial purposes HDI's actions against Amazon and Google on October 11, 2019. *See* Dkt. No. 38. On March 30, 2020, the Amazon case was transferred to the Western District of Texas, Austin Division, and placed under a new cause number. *See* Dkt. No. 65. Google's separate Motion to Transfer is currently pending. *See* Dkt. No. 42. HDI has filed a notice of non-opposition to Google's request to transfer to the Austin Division. *See* Civ. No. 6:19-CV-00356, Dkt. No. 36 (April 8, 2020). For the avoidance of doubt, this Joint Motion to Stay applies to both the Amazon and Google cases, and all references to "this action" or "this case" refer to both cases.

The Patents-in-Suit in this case are United States Patent Nos. 9,264,483 (the "'483 Patent"), 9,420,011 (the "'011 Patent"), 9,456,040 (the "'040 Patent"), 9,705,937 (the "'937 Patent"), 9,716,732 (the "'732 Patent"), 10,193,935 (the "'935 Patent"), 10,264,032 (the "'032 Patent"), and 10,270,816 (the "'816 Patent") (collectively, the "HDI Patents"). On January 17, 2020, pursuant to the Scheduling Order entered in this case (Dkt. No. 48), HDI made its Preliminary Election of Claims, asserting the following claims against both Amazon and Google ("Asserted Claims"):

**U.S. Patent No. 9,264,483:**

Claims 10, 12, 14, 15, 16, 17, 18, 22, 24, and 25

**U.S. Patent No. 9,420,011:**

Claims 11, 16, 17, and 23

**U.S. Patent No. 9,456,040:**

Claims 3, 12, and 13

**U.S. Patent No. 9,705,937:**

Claims 3, 10, and 17

**U.S. Patent No. 9,716,732:**

Claims 4, and 5

**U.S. Patent No. 10,193,935:**

Claims 4, 8, and 10

**U.S. Patent No. 10,264,032:**

Claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 20, 22, and 23

**U.S. Patent No. 10,270,816:**

Claims 1, 6, 7, 8, 9, 10, 11, 12, 14, 15, 18, 19, 20, 24, 25, 27, 28, and 29

Between October 11, 2019 and June 9, 2020, Google and Amazon collectively filed twenty IPRs against the HDI Patents, each challenging, *inter alia*, each of the Asserted Claims. Both Amazon's and Google's deadlines to file IPRs against the HDI Patents have passed; thus, no additional IPRs will be filed. To date, the PTAB has instituted review in three of the pending IPRs. A summary of the pending IPRs (hereinafter, "HDI IPRs") and the status of each follows:

| Case No. | Petitioner | Patent | Status |
| --- | --- | --- | --- |
| IPR2020-00020 | Google | '483 Patent | Instituted – FWD expected by April 20, 2021 |
| IPR2020-00080 | Google | '032 Patent | Instituted – FWD expected by April 30, 2021 |
| IPR2020-00081 | Google | '816 Patent | Instituted – FWD expected by June 8, 2021 |
| IPR2020-00214 | Google | '732 Patent | POPR Filed – Institution decision expected by June 20, 2020 |
| IPR2020-00298 | Google | '040 Patent | POPR Filed – Institution decision expected by July 8, 2020 |
| IPR2020-00305 | Google | '732 Patent | POPR Filed – Institution decision expected by July 8, 2020 |
| IPR2020-00306 | Google | '935 Patent | POPR Filed – Institution decision expected by July 8, 2020 |

3

| Case No. | Petitioner | Patent | Status |
|---|---|---|---|
| IPR2020-00411 | Google | '011 Patent | POPR Waived – Institution decision expected by August 6, 2020 |
| IPR2020-00412 | Google | '040 Patent | POPR Waived – Institution decision expected by August 6, 2020 |
| IPR2020-00413 | Google | '935 Patent | POPR Waived – Institution decision expected by August 6, 2020 |
| IPR2020-00414 | Google | '937 Patent | POPR Waived – Institution decision expected by September 3, 2020 |
| IPR2020-00415 | Google | '937 Patent | POPR Waived – Institution decision expected by September 3, 2020 |
| IPR2020-00460 | Amazon | '483 Patent | POPR Waived – Institution decision expected by August 6, 2020 |
| IPR2020-01029 | Amazon | '032 Patent | Petition filed June 2, 2020 |
| IPR2020-01043 | Amazon | '732 Patent | Petition filed June 3, 2020 |
| IPR2020-01051 | Amazon | '040 Patent | POPR Due by September 9, 2020 – Institution decision expected by December 9, 2020 |
| IPR2020-01058 | Amazon | '011 Patent | POPR Due by September 9, 2020 – Institution decision expected by December 9, 2020 |
| IPR2020-01064 | Amazon | '935 Patent | POPR Due by September 17, 2020 – Institution decision expected by December 17, 2020 |
| IPR2020-01066 | Amazon | '937 Patent | POPR Due by September 17, 2020 – Institution decision expected by December 17, 2020 |
| IPR2020-01067 | Amazon | '816 Patent | Petition filed June 9, 2020 |

Based on the IPR schedules set forth in Title 35 of the United States Code (and assuming for purposes of this Motion that the PTAB will institute review in all twenty cases), Final Written Decisions ("FWDs") in the HDI IPRs are expected to issue between April and December, 2021.[1]

This Court held its Markman hearing on May 15, 2020. The Parties have been negotiating a post-Markman schedule but have not yet reached agreement or submitted a proposal to the Court. Thus, discovery in this case has not yet begun and no trial date has been set.

---

[1] The deadlines for HDI to file or waive its POPRs are based on the dates of the PTAB's Notice of Filing Date Accorded for each Petition. 37 C.F.R. § 42.107(b). The PTAB has not yet issued its Notices in some cases listed in the chart, so HDI's deadlines (which set the deadlines for the PTAB to issue its institution decisions and, consequently the deadlines for the FWDs) are not yet known.

### III.   LEGAL STANDARDS

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In particular, the question whether to stay proceedings pending *inter partes* review ("IPR") of a patent is a matter committed to the district court's discretion. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

### IV.   RELIEF REQUESTED

In light of the particular circumstances of this case, the Parties jointly request a stay of this action pending resolution of the HDI IPRs. Specifically, if the Court grants the requested stay in this case, the Parties stipulate as follows:

1. The case shall be stayed at least until the PTAB's issuance of the last FWD in the HDI IPRs;

2. Upon issuance of the last FWD in the HDI IPRs, HDI shall provide a copy of all FWDs in the HDI IPRs to the Court.

3. If all Asserted Claims are found to be unpatentable in FWDs in the HDI IPRs, then the stay of this case shall be automatically extended pending HDI's appeal(s), if any, of the FWDs in the HDI IPRs;

4. If any Asserted Claim is found to <u>not</u> be unpatentable in a FWD, then HDI may, following the PTAB's issuance of the last FWD in the HDI IPRs, move the Court to lift the stay with respect to any such Asserted Claim, and Amazon and/or Google may oppose any such motion; and

5. HDI shall not assert against Amazon, Google, and/or any Amazon or Google products or services any patent claim in the Patents-in-Suit not listed in the Asserted Claims above in Section II.

Accordingly, the Parties respectfully request that the Court issue an Order staying this case and entering the requirements specified above. A Proposed Order consistent with this request is attached.

Finally, because the Parties and the Court have expended substantial time and resources on claim construction, and because "[a]ny prior claim construction determination concerning a term of the claim in a civil action . . . that is timely made of record in the *inter partes* review proceeding will be considered" in an IPR, 37 C.F.R. § 42.100(b), the Parties respectfully request that the Court enter its full Claim Construction Order when it is complete so that it may be submitted as part of the record in the HDI IPRs.

Dated: June 22, 2020

Respectfully submitted,

/s/ Andrew J. Wright
**ANDREW J. WRIGHT**

**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**BRENT N. BUMGARDNER**
STATE BAR NO. 00795272
**ANDREW J. WRIGHT**
STATE BAR NO. 24063927
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ema@nbafirm.com
brent@nbafirm.com
andrew@nbafirm.com

**JOSEPH P. OLDAKER**
ILLINOIS BAR NO. 6295319 (*Pro Hac Vice*)
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1583 (telephone)
joseph@nbafirm.com

**COUNSEL FOR PLAINTIFF
HAMMOND DEVELOPMENT
INTERNATIONAL, INC.**

*/s/ Brian C. Nash (by permission)*

Brian C. Nash
Texas State Bar No. 24051103
brian.nash@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
401 Congress Avenue, Suite 1700
Austin, TX 78701
Telephone: (512) 580-9629
Facsimile: (512) 580-9601

Joseph R. Re (*Pro Hac Vice*)
joe.re@knobbe.com
Joseph S. Cianfrani (*Pro Hac Vice*)
joe.cianfrani@knobbe.com
Jeremy A. Anapol (*Pro Hac Vice*)
jeremy.anapol@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, L.L.P.**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Colin B. Heideman (*Pro Hac Vice*)
colin.heideman@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, L.L.P.**
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Telephone: (206) 405-2000
Facsimile: (206) 405-2001

**ATTORNEYS FOR DEFENDANTS AMAZON.COM, INC., AMAZON.COM LLC, AMAZON.COM SERVICES, INC. AND AMAZON WEB SERVICES, INC.**

*/s/ Luann L. Simmons (by permission)*

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
**SCOTT, DOUGLASS & MCCONNICO, LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5(b)(1), I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this the 22nd day of June, 2020.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew J. Wright*
　　　　　　　　　　　　　　　　　　　　　　　ANDREW J. WRIGHT